UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DOMINIQUE M.[1],

                Plaintiff,

v.                                             CASE # 20-cv-01247

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

LAW OFFICES OF KENNETH HILLER                  KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                         SAMANTHA J. VENTURA, ESQ.
6000 North Bailey Ave
Suite 1A
Amherst, NY 14226

LEWIS L. SCHWARTZ, PLLC                        LEWIS L. SCHWARTZ, ESQ.
  Counsel for Plaintiff
1231 Delaware Ave
Suite 103
Buffalo, NY 14209

U.S. SOCIAL SECURITY ADMIN.                    ANDREEA LECHLEITNER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

**I.     RELEVANT BACKGROUND**

   **A.     Factual Background**

Plaintiff was born on October 4, 1983 and has a college education. (Tr. 70, 255). Generally, plaintiff's alleged disability consists of injury to cervical spine, herniated lumbar intervertebral disc, low back pain with sciatica, degenerative arthritis of the cervical spine and lower back, ruptured disc in the lower back, depression, anxiety, and posttraumatic stress disorder. (Tr. 254). Her alleged onset date of disability is May 25, 2016 and date last insured is March 31, 2021. (Tr. 19, 205).

   **B.     Procedural History**

On September 7, 2016, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act and for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 220-32). Plaintiff's applications were denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On May 3, 2019, plaintiff appeared pro se before the ALJ, JuanCarlos Hunt. (Tr. 37-67). On June 13, 2019, ALJ Hunt issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 15-28). On July 15, 2020 the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C.      The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2021.

2. The claimant has not engaged in substantial gainful activity since May 25, 2016, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.).*

3. The claimant has the following severe impairments: degenerative disc disease and osteoarthritis (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: she occasionally can balance, crouch, kneel, crawl, stoop, and climb ramps, stairs, ladders, and scaffolds; she frequently can push, pull, reach overhead, handle, finger, and feel bilaterally; she occasionally can reach overhead with the right upper extremity; she frequently can push, pull and operate foot controls with the lower extremities; and, she will be off-task 10% of the day due to, for example, alternating positions and/or attention/concentration lapses due to pain and pain medications.

6. The claimant is capable of performing past relevant work as a car rental deliverer and pharmacy technician. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant was born on January 17, 1973 and was 40 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has not been under a disability, as defined in the Social Security Act, from May 25, 2016, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 15-28).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ improperly relied upon stale opinion evidence. Second, the ALJ's RFC is unsupported by substantial evidence. (Dkt. No. 16 at 1 [Pl.'s Mem. of Law).

### B.     Defendant's Arguments

Defendant contends the multiple challenges to the ALJ's RFC were repetitive at times. Defendant responded to both of plaintiff's points arguing the RFC finding is supported by substantial evidence. (Dkt. No. 17 at 6 [Def.'s Mem. of Law]).

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity'

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.   ANALYSIS**

Plaintiff primarily argues the RFC is not supported by substantial evidence because the ALJ relied on a stale opinion and therefore used his own lay opinion in formulating the RFC. (Dkt. No. 16 at 18). Plaintiff does not assert any specific error by the ALJ in the evaluation of mental health impairments but focuses on the physical impairments and related RFC limitations.

Plaintiff's repeated assertions that the ALJ erred because he did not have an opinion to support each limitation in the RFC is without merit. It is the ALJ, and not a medical source, who is responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 404.1527(d)(2) and §§ 416.946(c), 416.927(d)(2). It is well settled by the Second Circuit that an ALJ's decision does not have to be supported by an opinion. *Poupore v. Astrue*, 566 F.3d 306 (2d Cir. 2009); *see Corbiere v. Berryhill* 760 F. App'x 54, 56 (2d Cir. Jan. 23, 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly speaking to the physical portion of the RFC determination of sedentary work, and relying, instead, on the relevant medical findings in the treatment notes). Where the record contains sufficient evidence, an ALJ is permitted to make determinations related to severe impairments. *Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109–10 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual

6

functional capacity.' . . . Here, the treatment notes were in line with the ALJ's RFC determinations.").

The administrative record in this case contained an opinion from medical consultant Barbara Abercrombie, M.D., dated October 5, 2016. (Tr. 79). She reviewed and summarized the medical evidence in the file at the time of her report and concluded claimant is capable of light level work. (*Id.*). Plaintiff asserts the opinion was stale because it was well before the June 2019 decision and did not contain evidence of deterioration and subsequent cervical spine surgery in February 2017. (Dkt. No. 16 at 12). Generally, an opinion issued during a relevant period is not stale. *Andrews v. Berryhill,* No. 17-cv-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018). Additionally, the ALJ clearly explains only some weight was accorded to the opinion because of subjective allegations and objective findings of active left S1 radiculopathy, mild AC joint arthrosis, disc herniation and tenderness of the cervical, lumbar, and thoracic spine, in addition to a bulging of the cervical spine. (Tr. 25). ALJ Hunt found the medical evidence supported further limitations than included within Dr. Abercrombie's opinion. While it is true that an ALJ cannot selectively choose only portions of a medical opinion that support his determination, while ignoring others, the ALJ in this case did not ignore any portion of Dr. Abercrombie's opinion but addressed the only limitation raised. *See Bohart v. Astrue*, No. 10-CV-6503, 2011 WL 2516413, at *5 (W.D.N.Y. June 23, 2011). The inclusion of additional postural and manipulative limitations, beyond the limitations opined by Dr. Abercrombie, is actually evidence that the ALJ did not rely solely on the opinion of Dr. Abercrombie as argued by plaintiff.

The ALJ thoroughly discussed and evaluated the opinion and cited additional evidence for why greater limitations were included in the RFC. There is nothing improper in an ALJ evaluating and weighing evidence in this matter. *McLeod v. Berryhill*, Case No. 1:17-CV-00262, 2018 WL

4327814, at *3 (W.D.N.Y. Sept. 11, 2018) (consultative examiner's opinion supported RFC finding, noting that "'the fact that the ALJ's RFC assessment did not perfectly match [an examining medical source]'s opinion, and was in fact more restrictive than that opinion, is not grounds for remand.'") (quoting *Castle v. Colvin*, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017); *Baker v. Berryhill*, No. 1:15-cv-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018) ("Where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand." (internal quotation marks and citations omitted)).

ALJ Hunt appropriately assessed an RFC based on all relevant evidence, including objective medical evidence, medical history, clinical findings, prescribed treatment and claimant's own descriptions of limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also* 20 C.F.R. §§ 404.1513(a)(1)-(5), 416.913(a)(1)-(5). The ALJ referenced physical examinations findings from 2016 to 2018 (before and after Dr. Abercrombie's review) which revealed plaintiff had normal gait, unimpaired ability to walk on her heels and toes, normal range of motion, intact sensation, physiologic reflexes, and full (5/5) motor strength. (Tr. 24; *see* Tr. 452-53, 457, 462-63, 466, 468, 641, 642, 695, 702, 755). *See, e.g., Bamberg v. Comm'r of Soc. Sec.*, No. 18-CV-00337-DB, 2019 WL 5618418, at *5 (W.D.N.Y. Oct. 31, 2019) ("In this case, the ALJ discussed the subsequent medical evidence in detail, and there is no indication that any later-received evidence 'raise[s] doubts as to the reliability of [the consultative examining physician's] opinion.'") (quoting *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2012)) (internal record citation omitted).

Indeed, plaintiff had a cervical discectomy in February 2017, which the ALJ discussed, including post-surgical imaging studies displaying acceptable positioning of her disc replacements

and fusions. (Tr. 24; *see* Tr. 742). Examination findings after the cervical spine surgery also revealed that her motor strength in her extremities was full, her sensation in the extremities was intact, and that her range of cervical-spine motion was initially fairly good and improved to quite good over time. (Tr. 24; *see* Tr. 742, 744, 747 748, 755). The ALJ permissibly and appropriately looked to the treatment notes in formulating an RFC without the need for additional medical opinions. *Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (summary order) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly discussing plaintiff's physical limitations and relying on plaintiff's treatment notes to formulate the RFC).

Plaintiff further argues the 10% off-task limitation was not supported by a medical opinion. (Dkt. No. 16 at 20). As discussed above, a medical opinion is not required for every limitation and here, ALJ Hunt's rationale for the limitation was clearly explained. To be sure, no medical source in the record stated plaintiff would be off-task a specific percentage of the workday, but the ALJ properly explained he included an off-task limitation to account for position changes and concentration difficulties that plaintiff may have as a result of her pain or pain medication. (Tr. 23). *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016)("The fact that the ALJ assigned a particular percentage range [. . .] to illustrate [Plaintiff's] limitation does not undermine the fact that the ALJ's finding was supported by substantial evidence."). Also, defendant is correct that plaintiff did not present any evidence to show a greater percentage of off-task time should be allowed. *Smith v. Berryhill*, 740 F. App'x. 721, 726 (2d Cir. 2018) (explaining that plaintiff had a duty to prove a more restrictive RFC than the ALJ found).

The opinion by Dr. Abercrombie was not stale but the ALJ also did not solely rely on it in formulating the RFC. He appropriately looked to the record as a whole and considered the objective findings, improvement of symptoms post-surgery, activities of daily living, and

9

statements of physical abilities. Plaintiff argues the ALJ failed to fully develop the record but does not allege any missing records, only that additional medical opinions should have been obtained. (Dkt. No. 16 at 21). Plaintiff has not cited evidence supporting greater limitations but disagrees with how the ALJ evaluated the evidence. When substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015 WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished).

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is

**GRANTED**.

Dated: September 2, 2021          *J. Gregory Wehrman*
Rochester, New York                HON. J. Gregory Wehrman
                                   United States Magistrate Judge